FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2012 APR 19  A 11: 00

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

JOHN CSOKA and
JUDITH A. CSOKA
 9627 Clover Hill Rd.
Manassas, VA 20110

    Plaintiffs,

v.

Bank of America, N.A.
Serve: CT Corporation Systems
4701 Cox Rd., Ste. 301
Glen Allen, VA 23060

And,

ReconTrust Company, N.A.
Serve: Elizabeth Jeffries, Director
Office of the Secretary of the
Commonwealth
Service of Process Department
Post Office Box 2452
Richmond, Virginia 23218-2452

And,

ALG Trustee, LLC
Serve: CT Corporation Systems
4701 Cox Rd., Ste. 301
Glen Allen, VA 23060

    Defendants.

Case No. 1:12cv 425-GBL/IDD

JURY DEMAND REQUESTED

## COMPLAINT

— 1 —

COMES NOW, John Csoka and Judith A. Csoka (hereinafter "the Csoka's"), individual residents of the Commonwealth of Virginia, by counsel, and respectfully submits the instant Complaint seeking Declaratory and Injunctive relief as well as damages for fraud and for violations of the Fair Debt Collect Practices Act and attorneys fees against the named Defendants.

## JURISDICTION AND VENUE

1.   The Csoka's are individual residents of the State of Virginia and currently reside at 9627 Clover Hill Road, Manassas, VA 20110, otherwise known as "the Property".

2.   Defendant Bank of America, N.A. is a limited partnership, with its principal office located in North Carolina, and which regularly conducts business in Virginia.

3.   ReconTrust Company, N.A. is a wholly owned subsidiary of Bank of America N.A. with its principal place of business located in California.

4.   ReconTrust Company, N.A. is not licensed to conduct business in Virginia.

5.   ALG, Trustee LLC is a limited liability company registered with the Virginia Corporate Commission and with its principal place of business listed in Leesburg, Virginia.

6.   The citizenship of a limited liability company is determined by the citizenship of its members.

7.   ALG, Trustee, LLC's members are not citizens of Virginia.

8.   The facts in this lawsuit arise in connection with a consumer loan transaction the Csoka's entered into in the amount of $279,856 on or about February 23, 2009 with Bank of America, N.A., successor by merger to BAC Home Loan Servicing, LP, f/k/a

– 2 –

Countrywide Home Loans Servicing, LP concerning their property located in Prince William County.

9. Jurisdiction in this court is correct pursuant to 28 U.S.C. §1332 because the controversy between Plaintiffs and Defendants arise pursuant to the requirements of the courts diversity jurisdiction.

10. Jurisdiction in this court is also proper pursuant to 28 U.S.C. §1331 because there are claims against Defendants pursuant to violations of the FDCPA.

## FACTS COMMON TO ALL COUNTS

11. On or shortly after February 23, 2009, a document styled as a "deed of trust" ("DOT") purporting to create a lien for security purposes on the Property was recorded among the land records of Prince William County as instrument no. 200902270017343. A copy of the DOT is attached hereto as **Exhibit A.**

12. The DOT names Countrywide Bank, FSB, n/k/a Bank of America, N.A. as the Beneficiary.

13. The DOT names Samuel I. White, P.C. as the trustee.

14. Paragraph 20 of the DOT gives the lender the ability to remove the Trustee and appoint a substitute trustee to the trustee appointed under the DOT document.

15. Paragraph 20 also specifies that the successor trustee shall succeed to all the title, power, and duties conferred upon the Trustee described in the DOT and according to the applicable law.

16. On or about March 13, 2012, the Plaintiff's received a notice of Substitution of Trustee to RECONTRUST COMPANY, N.A. and ALG Trustee, LLC. A copy of the

SOT is attached hereto as **Exhibit B**.

17. Va. Code Ann §55-58.1 provides:

> No person not a resident of this Commonwealth may be named or act, in person or by agent or attorney, as the trustee of a security trust, either individually or as one of the several trustees, the other or others of which are residents of this Commonwealth. No corporation may be named or act as the trustee or as one of the trustees of a security trust unless it is chartered under the laws of the Commonwealth or of the United States of America, and unless its principal office is within the Commonwealth.

18. In accordance with Va. Code § 55-58.1, ReconTrust Company, N.A. is prohibited from acting as a trustee in the Commonwealth of Virginia because it is not authorized to conduct business in Virginia.

19. Furthermore, even if ReconTrust Company, N.A. was chartered in the Commonwealth of Virginia or had its principal office in Virginia, ReconTrust Company, N.A. is still prohibited from acting as trustee of this loan because it is *wholly* owned by Bank of America, N.A., the beneficiary of the DOT.

20. A trustee is supposed to be a disinterested third party that does not favor one side.

21. It is impossible for ReconTrust Company, N.A. to act impartially as a disinterested, neutral third party when it is wholly owned by Bank of America.

22. Therefore it is improper for ReconTrust to have been named as trustee.

23. In addition to the contractual notices that were required to be sent by the trustee to Plaintiffs prior to the sale, Virginia Code §55-59.1 sets forth its own required notices that are required to be sent by the authorized trustee prior to the sale of the Property.

24. Additionally, Virginia Code §55-59.2 sets forth advertisement requirements that the

authorized trustee must comply with prior to the sale of the Plaintiffs Property.

25. Every time that ReconTrust corresponded to Plaintiffs in an attempt to comply with Virginia Code §55-59.1 and failed to identify itself as a wholly owned subsidiary of Bank of America, N.A., the beneficiary of their loan, it violated the Fair Debt Collection Practices Act (FDCPA) *15 U.S.C.A. § 1692a(6)*

26. Every time that ReconTrust caused to be printed an advertisement pertaining to Virginia Code §55-59.2 for the sale of Plaintiffs Property, it violated the FDCPA.

27. In each instance, ReconTrust concealed and to hid the true identity of itself by claiming to be a separate neutral trust company attempting to collect a debt on behalf of a completely separate disinterested company, when in fact it is wholly owned by Bank of America.

28. Likewise, Bank of America, N.A. violated the FDCPA by deceptively and fraudulently substituting its wholly owned company, ReconTrust as substitute trustee in an attempt to deceive the Plaintiffs and hide its true identity in an attempt to collect the debt and auction off its own collateral.

29. This can only be looked at as being done for the purpose of attempting to control every aspect of the foreclosure process in an attempt to control the bidding price for this Property to the detriment of Plaintiffs as well as any of the other thousands of foreclosures it has already conducted in this manner.

30. Bank of American, N.A. had to know at the time it substituted its own company, ReconTrust as substitute trustee that it was not only not a disinterested third-party, but it was not even licensed to conduct business in Virginia.

31. In addition to ReconTrusts inability to act as trustee, and in accordance with Va. Code §55-58.1 a trustee needs to state its full business address, including street address.

32. ALG Trustee, LLC is listed on all documents with an address of P.O. Box 2548, Leesburg, VA 20175.

33. This is not a street address and does not comply with aforementioned Va. Code §55-34.1 section and therefore ALG Trustee, LLC is also prohibited from acting as trustee.

35. Furthermore, it must be noted that while ALG Trustee, LLC has filed paperwork with the SCC so that it gives the appearance as a true functioning company, it is Plaintiffs belief that ALG Trustee, LLC does not in fact "exist" outside those filings.

36. The PO Box listed for ALG Trustee, LLC is the same PO Box as Atlantic Law Group, LLC, a separate entity.

37. The listed Principal Office address, 1602 Village Market Blvd SE Ste. 310, Leesburg VA, 20175, with the SCC is the address of Atlantic Law Group, LLC.

38. ALG Trustee, LLC has no phone number, fax number, email address, or website of its own.

39. The only contact information for ALG Trustee, LLC is a phone number on the Notice of Trustee's sale, which is listed as (703) 777-7101 and in operation between the hours of 9:00am and 11:30am EST. However, it is not a phone number to ALG Trustee, LLC, it is a phone number to Atlantic Law Group, LLC. A copy of the Notice of Trustee's Sale is attached hereto as **Exhibit C**.

40. Upon further information and belief, ALG Trustee, LLC does not seem to have employees of its own.

41. Since ALG Trustee, LLC does not exist outside of its filing, it cannot be acting as trustee.

42. As you can see on the Substitution of Trustee document, the company that does exist and seems to conduct all work in place of ALG Trustee, LLC is Atlantic Law Group, LLC, a Delaware Corporation.

43. However, if the beneficiary wanted to appoint Atlantic Law Group, LLC as the trustee it could have done so, but for whatever reason, it did not.

44. ALG Trustee, LLC cannot delegate its rights and duties or its power to sell as substitute trustee, absent a contractual agreement to do so.

45. There is no such contractual agreement between the parties giving ALG Trustee, LLC the ability to contract away its duties and obligations and power of sale to Atlantic Law Group, LLC as substitute trustee.

46. Absent such an agreement, ALG Trustee, LLC does not have authority to delegate its duties to Atlantic Law Group, LLC.

47. Therefore, any actions taken on behalf of Atlantic Law Group, LLC in capacity as trustee or acting agent of the trustee would be void and going forward should be considered unlawful.

48. It is Plaintiffs further belief that all work and correspondence sent to Plaintiffs or conducted pursuant to the duties of trustee was done so by ReconTrust.

49. It is also Plaintiffs belief that Bank of America N.A. knew that by appointing ReconTrust as substitute trustee it would ultimately collect all fees for a service that it is otherwise unable to collect for.

– 7 –

50. It is also Plaintiffs belief that Bank of America, N.A. knew and knows that ALG Trustee, LLC is not a true functioning company and that all of its contacts with said company have been and will continue to be with Atlantic Law Group, LLC.

51. Ultimately Plaintiffs believe that Bank of America, N.A. appointed ReconTrust in order to control all aspects of the foreclosure process and only added ALG Trustee, LLC in the hope that no one would question the validity of ReconTrust's impartiality and inability to conduct business in Virginia, because it appeared on the outside that ALG Trustee, LLC is licensed in Virginia.

52. Bank of America did all of this all while intending that ALG Trustee, LLC not take any steps as trustee.

53. ALG Trustee, LLC has in fact not taken any steps to act as trustee and has allowed ReconTrust to do any and all work.

54. ALG Trustee, LLC violated the FDCPA by deceiving Plaintiffs as to what company, was actually attempting to collect the debt and allowing its name to be used as a screen for ReconTrust to unlawfully conduct business in Virginia.

55. There is no other reason for ALG Trustee, LLC to be named as trustee in Plaintiffs case or any other case than for an improper purpose since it does not function as a true company.

## CLAIMS FOR RELIEF

### COUNT I: DECLARATORY RELIEF

56. All of the preceding paragraphs are incorporated herein by reference.

57. Virginia Code §55-58.1 is very specific regarding the legal qualifications in order to

act as a trustee.

58. ReconTrust does not meet those qualifications because it is not chartered in the Commonwealth of Virginia nor does it have a principal office in Virginia.

59. In addition to not being chartered in the Commonwealth of Virginia or having a principal office in Virginia, ReconTrust is also wholly owned by the lender in this case, Bank of America, N.A.

60. The hallmark of an acting trustee is that it is supposed to be a neutral third party between the lender and the debtor. In this instance ReconTrust is in essence, the lender because it is wholly owned by Bank of America, NA, thereby making it impossible for ReconTrust to be considered a neutral third party.

61. As such, ReconTrust was not and is not authorized to act as trustee in this case and any and all further actions taken on behalf of ReconTrust should be considered void.

62. ReconTrust is has been the only company to take actions as trustee to send the statutory and contractually required notices to Plaintiffs prior to the sale of the Property.

63. Therefore it should be declared that there has been no lawfully appointed substitute trustee pursuant to Virginia Code §55-58.1.

64. It should also be declared that no lawfully appointed substitute trustee has sent the proper notices or advertised the Property for sale pursuant to Virginia Code §55-59.1.

65. It should also be declared that no lawfully appointed substitute trustee has sent the proper notices or advertised the Property for sale pursuant to Virginia Code §55-59.2.

66. ALG Trustee, LLC, at a minimum does not meet the qualifications set forth in Virginia Code §55-58.1 because it does not identify a physical street address on any

correspondence sent to Plaintiffs.

67. Alternatively, even if ALG Trustee, LLC listed a physical street address, ALG

Trustee, LLC still cannot be allowed to auction off the Property as scheduled because it

has not performed any of the trustees duties.

68. ALG Trustee, LLC does not function as an independent company because it has no

phone or fax number, email address, website, or employees in which to take action.

69. ALG Trustee, LLC has not acted as a trustee and has only lent its name to

ReconTrust for an improper purpose in furtherance of allowing Bank of America's

control over the entire foreclosure of Plaintiffs Property.

70. Furthermore, ALG Trustee, LLC is bound by the contractual terms set forth in the

DOT between Bank of America and the Plainitffs.

71. As such, ALG Trustee, LLC does not have the unilateral authority to assign and or

contract out its duties and/or rights to a third party, such as Atlantic Law Group.

72. Any and all duties and rights conferred to ALG Trustee, LLC that has been

completed by Atlantic Law Group, LLC, which is a separate entity that has not been

nominated or authorized to act as trustee in regard to Plaintiffs property, should be

declared a nullity.

73. Therefore, since ReconTrust cannot act as trustee, it cannot auction off the Plaintiffs

Property on April 20, 2012.

74. Therfore, any actions taken on behalf of ReconTrust should be declared void.

75. ReconTrust prepared and sent all correspondence to Plaintiffs pursuant to the

contractual requirements set forth in the DOT as well as pursuant to §55 of the Virginia

Code.

76. Therefore, since ALG Trustee, LLC is not a true functioning company, it cannot act as trustee.

77. Even if this court views ALG Trustee, LLC as a true functioning company, it has not taken any affirmative steps to act as trustee pursuant to the DOT or the Virginia Code.

78. Therefore, since any action taken on behalf of ALG Trustee, LLC was and is to be completed by Atlantic Law Group, LLC, who is not a duly appointed trustee, ALG Trustee, LLC has not complied with the contractual requirements of the DOT or the Virginia Code sections referenced above governing foreclosures and therefore cannot auction off the Property on April 20, 2012.

79. ReconTrust Company NA does not have the capacity to become Plaintiffs trustee.

80. ALG Trustee, LLC does not have the capacity to become Plaintiffs trustee.

81. The notices sent by ReconTrust to Plaintiffs are void.

82. Any notices sent by ReconTrust that failed to notify Plaintiffs that they were wholly owned by Bank of America, NA was done so in violation of the FDCPA.

83. Any notices sent with ALG Trustee, LLC's name on it, claiming that it was trying to collect the debt, was sent in violation of the FDCPA because it did not do any work as trustee and is not a true functioning company.

## ACTUAL FRAUD

84. All of the preceding paragraphs are incorporated herein by reference.

85. Bank of America, NA knew that it cannot appoint itself as trustee in order to conduct foreclosure sales concerning its own secured asset Properties.

86. Bank of America, NA knew that a trustee is supposed to be an independent and neutral third party.

87. Bank of America, NA appointed its own wholly owned company, ReconTrust, to act as trustee in the Commonwealth of Virginia, knowing that it is not licensed in the Commonwealth to conduct business and therefore unlawful.

88. Still determined to collect fees for foreclosing on its own secured properties, Bank of America, NA also appointed ALG Trustee, LLC, which performs no independent function as an entity.

89. Bank of American, NA had to know this as ALG Trustee, LLC has no independent way of being contacted than threw Atlantic Law Group, LLC.

90. ALG Trustee, LLC allowed its name to be used to give the appearance as being a company that provides trustee duties.

91. ALG Trustee, LLC knew that ReconTrust Company, LLC was not authorized to conduct business in Virginia and allowed ReconTrust Company, LLC to use its name as a way to try to circumvent Plaintiffs DOT provisions as well as the laws of the Commonwealth of Virginia and the public at large.

92. ReconTrust knew that it was not allowed to conduct business in Virginia.

93. ReconTrust knew that it was not a neutral third party in which to act as trustee, even if it was licensed to conduct business in Virginia because it is wholly owned by the beneficiary in this case.

94. ReconTrust knowingly and continuously used ALG Trustee, LLC's name on its

correspondence in order to give the appearance of being allowed to conduct business in Virginia by partnering with a Virginia company.

95. In furtherance of this, the only working phone numbers on any and all correspondence lead to ReconTrust.

96. There is no identifiable way for the Plaintiffs to get in touch with ALG Trustee, LLC

97. Bank of America, NA, ReconTrust Company LLC and ALG Trustee, LLC caused their appointment of Substitute Trustee to be recording in the land records of Prince William County under Plaintiffs Property thereby further committing a fraud upon the Commonwealth of Virginia.

98. Since the SOT was recorded in the land records, Plaintiffs and other third parties reasonably and justifiably relied upon it.

99. As a direct and proximate result of the false statements and the corresponding reliance, Plaintiffs have suffered and stand to further suffer injury (at least some of which is irreparable) and damages.

100. The damages include emotional distress, expenses related to this filing, expenses related to hiring attorneys and other assistants to defend against the unlawful transfer of power over the Property to ReconTrust and ALG Trustee, LLC, and expenses related to the actual and/or threatened accelation of the debt and taking of the Property by foreclosure auction.

## CONSTRUCTIVE FRAUD

101. All of the preceding paragraphs are incorporated herein by reference.

102. Bank of America, NA knew that it cannot appoint itself as trustee in order to

– 13 –

conduct foreclosure sales concerning its own secured asset Properties.

103. Bank of America, NA knew that a trustee is supposed to be an independent and neutral third party.

104. Bank of America, NA appointed its own wholly owned company, ReconTrust, to act as trustee in the Commonwealth of Virginia, knowing that it is not licensed in the Commonwealth to conduct business and therefore unlawful.

105. Still determined to collect fees for foreclosing on its own secured properties, Bank of America, NA also appointed ALG Trustee, LLC, which performs no independent function as an entity.

106. Bank of American, NA had to know this as ALG Trustee, LLC has no independent way of being contacted than threw Atlantic Law Group, LLC.

107. The SOT was prepared by ReconTrust.

108. The SOT should be stricken from the land records.

109. ReconTrust knew that it was not allowed to conduct business in Virginia.

110. ReconTrust knew that it was not a neutral third party in which to act as trustee, even if it was licensed to conduct business in Virginia because it is wholly owned by the beneficiary in this case.

111. ReconTrust knowingly and continuously used ALG Trustee, LLC's name on its correspondence in order to give the appearance of being allowed to conduct business in Virginia by partnering with a Virginia company.

112. In furtherance of this, the only phone number to a listed trustee on any and all correspondence leads to ReconTrust.

113. The SOT was prepared with the knowledge and consent of ALG Trustee, LLC.

114. ALG Trustee, LLC knew that the SOT was sent to Plaintiffs and would presumably be relied upon by Plaintiffs.

115. ALG Trustee, LLC knew or should have known that it was not going to perform any of the trustee duties.

116. ALG Trustee, LLC knew or should have known that ReconTrust was not authorized in the state of Virginia.

117. ALG Trustee, LLC knew or should have known that ReconTrust was wholly owned by Bank of America, NA, the beneficiary in this case.

118. ALG Trustee, LLC knew or should have known that Bank of America NA cannot act as trustee of the Property since it is the beneficiary.

119. ALG Trustee, LLC knew or should have known that by failing to perform the duties as trustee, ReconTrust was unlawfully conducting business in Virginia.

120. ALG Trustee, LLC knew or should have known that by allowing its name and PO Box to be used on the letterhead of notices sent to Plaintiffs that it was further creating the appearance as though it was performing the functions as trustee, since it was the only company allegedly authorized to conduct business in Virginia.

121. ALG Trustee, LLC knew or should have known that Plaintiffs and the public rely upon said notices and advertisements.

122. The SOT was recorded as a public record, thus satisfying the "reliance" element of any cause of action for fraud.

123. Additionally, Plaintiffs and other third parties reasonably and/or justifiably relied

– 15 –

upon the false statement.

124. As a direct and proximate result of the false statement and the corresponding reliance, Plaintiffs have suffered and stand to further suffer injury (at least some of which is irreparable) and damages.

125. The damages include emotional distress, expenses related to this filing, expenses related to hiring attorneys and other assistants to defend against the unlawful transfer of power over the Property to ReconTrust and ALG Trustee, LLC, and expenses related to the actual and/or threatened acceleration of the debt and taking of the Property by foreclosure auction.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

126. All of the preceding paragraphs are incorporated herein by reference.

127. ReconTrust and ALG Trustee, LLC have held themselves out to be debt collectors as listed on their own correspondence to Plaintiffs.

128. As such, Under *15 U.S.C.A. §1692(e)* Fair Debt Collection Practices Act (FDCPA) a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. This includes, the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer as well as; the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

129. ReconTrust is not a third party attempting to collect a debt on behalf of Bank of America, but rather it is wholly owned by Bank of America, NA which in essence makes it Bank of America, NA, renamed as ReconTrust attempting to collect its own debt.

130. By not disclosing the fact that ReconTrust is wholly owned by Bank of America, NA, in its actions to and in furtherance of the foreclosure process of Plaintiffs Property, it violated the aforementioned sections of the FDCPA.

131. While Bank of America NA generally would not fall under the purview of the FDCPA, once it unlawfully appointed ReconTrust as trustee and caused ReconTrust to falsely mislead Plaintiffs into believing that a separate company was attempting to collect its debts, it too violated the same provisions of the FDCPA.

132. ALG Trustee, LLC violated the FDCPA when it allowed its name to be used on all correspondence and advertisements to give the false and misleading appearance that it was attempting to collect the Plaintiffs debt.

133. ALG Trustee, LLC did not intend nor did it attempt to perform any functions as trustee because it is not a functioning company.

134. ALG Trustee, LLC allowed its name to be used on the correspondence and advertisements only in an attempt to mislead and deceive the Plaintiffs as to the true identity of the acting debt collector.

135. Plaintiffs relied upon such representations and have been damaged thereby.

136. Plaintiffs are entitled to statutory damages as well as actual damages and attorney fees pursuant to the FDCPA statute.

## INJUNCTIVE RELIEF

137. All of the preceding paragraphs are incorporated herein by reference.

138. Plaintiffs Property is scheduled to be sold at public auction on April 20, 2012.

139. Plaintiffs are simultaneously with the filing of the instant complaint, also seeking an Emergency Temporary Restraining Order against the named Defendants in order to stop the unlawful sale of the subject Property by the Defendants.

140. If granted such request, the order will be temporary and Plaintiffs will be in need of an order of Permanent Injunctive Relief from Bank of America, NA, ReconTrust Company, LLC, and ALG Trustee, LLC from auctioning off the Property.

141. ReconTrust is not a legally authorized company in which to act as trustee in Virginia.

142. ALG Trustee, LLC has not performed any duties as trustee, and is therefore not equipped to function as trustee.

143. Furthermore, ALG Trustee, LLC has committed several frauds upon Plaintiffs, upon the state of Virginia, and upon this court showing a complete disregard for the functions and duties as trustee and should be prohibited from ever being appointed as trustee.

144. Absent an emergency TRO and subsequent permanent injunctive relief pending the outcome of the case, there is no adequate remedy at law that would prevent the Defendants from going forward with the sale of the Property.

## PRAYER FOR RELIEF

145. Based on the foregoing, Plaintiffs respectfully pray that this Court:

a. Find each Defendant liable on each of the above counts and enter judgment accordingly, including an order declaring the challenged SOT document null and void and stricken from the land records.;

b. Permanently enjoin ReconTrust and ALG Trustee, LLC from acting as trustee;

c. Award Plaintiffs statutory damages in the amount of $1,000 per violation according to the FDCPA violations, in the amount of $15,000 or as later proven and adjusted;

d. Award Plaintiffs Punitive damages as set by the trier of fact;

e. Award Plaintiffs costs and expenses in pursuing this action;

f. Award Plaintiffs attorneys fees;

g. Award Plaintiffs interest on all amounts awarded, from the date incurred until paid in full;

h. Grant Plaintiffs other relief the Court deems appropriate.

Respectfully submitted,
JOHN CSOKA and JUDITH A. CSOKA
By Counsel,

Elizabeth E. Csoka-Bubacz Virginia State Bar #76373
CØON & PURNELL, PC
9214 Center St., Suite 101
Manassas, VA 20110
(703) 368-9196 Telephone
(703) 361-0092 Facsimile
ecsoka-bubacz@manassaslawyers.com
Counsel for John and Judith A. Csoka